Joshua B. Swigart, Esq. (SBN: 225557)
josh@westcoastlitigation.com
Yana A. Hart, Esq. (SBN: 306499)
yana@westcoastlitigation.com
**HYDE & SWIGART**
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108
Telephone: (619) 233-7770
Facsimile: (619) 297-1022

Daniel G. Shay, Esq (SBN: 250548)
danielshay@tcpafdcpa.com
**LAW OFFICE OF DANIEL G. SHAY**
409 Camino Del Rio South, Ste 101B
San Diego, CA 92108
Telephone: (619) 222-7429
Facsimile:  (866) 431-3292

Additional Attorneys for Plaintiff on Signature Page

*Attorneys for Plaintiff,*
*Florence Morris*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **FLORENCE MORRIS,**<br><br>**Plaintiff,**<br><br>**vs.**<br><br><br>**MANDARICH LAW GROUP, LLP,**<br><br>**Defendant**. | **Case No:**  '17CV1757 JM   JMA<br><br>**COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF:**<br><br>1.  **FAIR DEBT COLLECTION PRACTICES ACT, U.S.C. § 1692 ET SEQ.**<br>2.  **ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT, CAL CIV. CODE §§ 1788-1788.32; AND**<br>3.  **NELIGENCE**<br><br>**JURY TRIAL DEMANDED** |

Complaint for Damages

**INTRODUCTION**

1.   Florence Morris, ("Plaintiff"), through Plaintiff's attorneys, brings this action to challenge the actions of Mandarich Law Group, LLP ("Defendant"), with regard to Defendant's unlawful and abusive debt collection practices causing Plaintiff damages.

2.   The United States Congress has found abundant evidence of the use of abusive, deceptive, and unfair debt collection practices by many debt collectors, and has determined that abusive debt collection practices contribute to the number of personal bankruptcies, to marital instability, to the loss of jobs, and to invasions of individual privacy.  Congress wrote the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. (hereinafter "FDCPA"), to eliminate abusive debt collection practices by debt collectors, to ensure that those debt collectors who refrain from using abusive debt collection practices are not competitively disadvantaged, and to promote consistent State action to protect consumers against debt collection abuses.

3.   The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers.  The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or practices.

4.   Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to a plaintiff, which Plaintiff alleges on personal knowledge.

///

Complaint for Damages

5.      While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

6.      Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

7.      While many violations are described here with specificity, this Complaint alleges violations of the FDCPA and Rosenthal Fair Debt Collection Practices Act, California Civil Code §§ 1788-1788.32 (hereinafter "RFDCPA" or "Rosenthal Act") in their entirety.

8.      Violations of the FDCPA and RFDCPA by Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such specific violation.

9.      All violations alleged regarding the FDCPA and RFDCPA are material violations of the FDCPA and RFDCPA as these violations would limit the ability of a hypothetical least sophisticated debtor to make an intelligent choice as to the alleged debt and actions that should be taken to resolve the alleged debt.

10.     Plaintiff, through Plaintiff's attorneys, brings this action to challenge the actions of Defendant, with regard to an attempt by Defendant to unlawfully and abusively collect a debt allegedly owed by Plaintiff, and this conduct caused Plaintiff damages.

11.     While many violations are described below with specificity, this Complaint alleges violations of the statutes cited in their entirety.

12.     Unless otherwise indicated, the use of Defendant's names in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of the named Defendant.

///
///

Complaint for Damages

**Jurisdiction and Venue**

13. Jurisdiction of this Court arises pursuant to 28 U.S.C. § 1332, 15 U.S.C. § 1692(k), and 28 U.S.C. § 1367 for supplemental state claims.

14. This action arises out of Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 et seq. and California's Rosenthal Act.

15. Because Defendant does business within the State of California, personal jurisdiction is established.

16. Venue is proper pursuant to 28 U.S.C. § 1391.

17. At all times relevant, Defendant conducted business within the State of California.

**Parties**

18. Plaintiff is, and at all times mentioned herein was, an individual citizen and resident of the State of California, City of San Diego, in this judicial district.

19. Plaintiff is informed and believes, and thereon alleges, that that Defendant is, and at all times mentioned herein was, a limited liability partnership. Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of California, in the County and City of San Diego, within this judicial district.  Defendant's "sole clients are SqureTwo Financial Corporation and its subsidiaries". (http://mandarichlaw.com/terms-conditions/)

20. Plaintiff is a natural person allegedly obligated to pay a debt, and is a consumer, as that term is defined by 15 U.S.C. § 1692a(3).

21. Plaintiff is a natural person from whom a debt collector sought to collect a consumer debt which was alleged to be due and owing, and is a debtor as that term is defined by California Civil Code § 1788.2(h).

22. Defendant is a person who uses an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed

Complaint for Damages

or due or asserted to be owed or due another and is therefore a debt collector as that phrase is defined by 15 U.S.C. § 1692a(6).

23. Defendant in the ordinary course of business, regularly, on behalf of themselves, or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and is therefore a debt collectors as that term is defined by California Civil Code § 1788.2(c).

24. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction.  As such, this action arises out of a consumer debt and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

### FACTUAL ALLEGATIONS

25. Sometime around 2016 Plaintiff incurred certain financial obligations to WebBank for personal purposes as that term is defined under Cal. Civ. Code § 1788.2(f) and a "debt" as that term is defined by 15 U.S.C. § 1692(a)(5).

26. The debt was later sold, transferred, or assigned to SqureTwo Financial Corporation ("SquareTwo") and its subsidiaries, then the debt was sold, transferred or conveyed to Defendant for collection.

27. On January 20, 2017, Plaintiff's attorney Daniel G. Shay ("Attorney") sent two Cease and Desist letters to SqureTwo in regard to Plaintiff's WebBank account. These letters included a Power of Attorney, Attorney's contact information and served as written Notice of Representation.  Attorney sent one Cease and Desist letter by facsimile to SqureTwo by way of SqureTwo's facsimile number ending in 2524.  Attorney sent one Cease and Desist letter by First Class U.S. Mail to SqureTwo's address in Englewood, Colorado.  The Cease and Desist letters effectively gave Defendant notice of representation.

28. On or around April 7, 2017, Defendant mailed Attorney a letter in receipt of the Cease and Desist letters, demonstrating Defendant's knowledge of Plaintiff's representation by Attorney, as well as Attorney's contact information.

5

29. Nevertheless, Defendant continued communicating with Plaintiff directly attempting to collect the debt.

30. On or around May 11, 2017, despite Defendant's knowledge that Plaintiff is being represented by Attorney, Defendant mailed Plaintiff a debt collection letter.

31. Defendant's letter stated in larger letters "NOTICE OF INTENT TO SUE."

32. Defendant's letter on May 11, 2017 also stated:

> If we are unable to resolve this matter within ten (10) days of the fate of this letter, our client has authorized us to file a lawsuit to collect the balance owing on the above-referenced account.
> Please be advised that if you fail to take this opportunity to pay your obligation we will proceed with the filing of a lawsuit against you. You are hereby notified that pursuant to California Code of Civil Procedure Section 1033, if in the event we file a lawsuit against you, you will be potentially liable for not only the payment of your debt, but for the actual cost of the filing fee, the actual cost of service of process, and, when otherwise specifically allowed by law, reasonable attorneys fees, in accordance with California law.

33. Further, the letter had a highlighted in red with capital lettering the following statement: "THIS COMMUNICATION IS FROM A DEBT COLLECTOR. THIS IS AN ATTEMPT TO COLLECT A DEBT, AND ANY INFORMATION OBTAINED WILL BE USED FOR THAT PURPOSE."

34. The May 11, 2017 communication was a "debt collection" as Cal. Civ. Code 1788.2(b) defines that phrase and a "communication" about "debt" as the terms are defined under 15 U.S.C. § 1692a.

35. As of July 7, 2017 (less than two months after the collection letter), Defendant had not actually filed a lawsuit against Plaintiff.

36. The letter deceptively implied that the lawsuit will be filed in ten (10) days after Plaintiff's receipt of the correspondence.

Complaint for Damages

37. Further, Defendant's letter, choice of enlarged font and bold lettering, was intended to threaten Plaintiff to immediately issue a payment to Defendant.

38. The statement on the letter regarding Defendant's threat to file a lawsuit against Plaintiff was an attempt to extort a payment from Plaintiff.

39. The collection letter deceived Plaintiff to believe Defendant would file a lawsuit against her in the imminent future.

40. Additionally, Defendant was well aware that Plaintiff was represented by Attorney, as evidenced by Defendant's letter nailed directly to Attorney, and that all communications were required to be completed through Plaintiff's attorney.

41. However, in order to place additional pressure on Plaintiff, Defendant sent the letter directly to Plaintiff, threatening to file a lawsuit against Plaintiff and implying that the lawsuit is imminent.

42. Defendant's complete disregard of the fact that attorney was involved and represented Plaintiff, made Plaintiff feel vulnerable.

43. Plaintiff was injured because her privacy rights were infringed upon in the form of harassment by Defendant.

44. When individuals seek attorneys to represent them in cases such as these, they trust attorneys to handle their legal matters.  When companies, like Defendant, attempt to communicate with an individual who has representation, it interferes with the attorney-client relationship.

45. As a direct and proximate result of Defendant's unfair, unlawful, oppressive, and abusive collection practices, Plaintiff has suffered mental anguish by way of embarrassment, shame, anxiety, fear, and feelings of despair over the fact that Defendant's unlawful collection efforts even upon her expressly requesting Defendant to cease and desist communication.

7

Complaint for Damages

### FIRST CAUSE OF ACTION

### FAIR DEBT COLLECTION PRACTICES ACT

### 15 U.S.C. §§ 1692 ET SEQ.

46. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

47. Because Defendant serviced the account and was not the original creditor, Defendant is considered a "debt collector" for purposes of the FDCPA.

48. Defendant communicated with Plaintiff after it knew Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692b(6) which says Defendant shall not communicate with Plaintiff at all:

> "after the debt collector knows the consumer is represented by an attorney with regard to the subject debt and has knowledge of, or can readily ascertain, such attorney's name and address…"

49. Defendant sent Plaintiff a debt collection letter, after it knew Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692c(a)(2) which says that a debt collector may not communicate with a consumer in connection with the collection of any debt:

> "if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney fails to respond within a reasonable period of time to a communication from the debt collector or unless the attorney consents to direct communication with the consumer."

50. Defendant sent Plaintiff a debt collection letter after it knew Plaintiff was represented by an attorney with regard to the subject debt in violation of 15 U.S.C. § 1692c(a)(2) which states:

> "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt."

Complaint for Damages

51.   Defendant further violated 15 U.S.C. §§ 1692d and f for using unfair, abusive, and unconscionable means to collect the debt.

52.   Defendant threatened Plaintiff with a lawsuit it did not initiate in violation of 15 U.S.C. § 1692e, 1692e(10), and particularly 15 U.S.C. § 1692e(5) which states:

> "A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section: The threat to take any action that cannot legally be taken or that is not intended to be taken."

53.   As a direct and proximate result of Defendant's violations of the 15 U.S.C. § 1692 et seq, Plaintiff has suffered injury, and may recover statutory damages from Defendant in addition to actual damages and reasonable attorney fees and costs pursuant to the FDCPA.

54.   Plaintiff is entitled to damages as a result of Defendant's violations.

55.   Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

**SECOND CAUSE OF ACTION**

**VIOLATIONS OF THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT**

**CAL. CIV. CODE § 1788, ET SEQ.**

56.   Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

57.   The RFDCPA, Cal. Civ. Code § 1788 et seq, prohibits unfair and deceptive acts and practices in the collection of consumer debts.

58.   Defendant attempted to collect the debt and, as such, engaged in "debt collection" as defined by Cal. Civ. Code § 1788.2(b).

59.   Defendant in the regular course of business, engages in debt collection and is a "debt collector" as defined by Cal. Civ. Code § 1788.2(c).

60.   Defendant threatened Plaintiff with a lawsuit which Defendant did not initiate in violation of 15 U.S.C. § 1692e and particularly 15 U.S.C. § 1692e(5) which

9

states:

> "No debt collector shall collect or attempt to collect a consumer debt by means of… the false representation that a legal proceeding has been, is about to be, or will be instituted unless payment of a consumer debt is made."

61. As mentioned above, Defendant did not comply with 15 U.S.C. §§ 1692b to 1692j as required by Cal. Civ. Code § 1788.17.

62. Defendant willfully and knowingly violated the RFDCPA.  As a "debt collector" under the RFDCPA it is fully aware of California's debt collection laws, including the RFDCPA and FDCPA as incorporated therein.

63. A willful violation occurs where the violator intends to do the act which makes up the violation.  In the case of *People v. Bell*, 45 Cal. App. 4th 1030, the court found that the Penal Code definitions of "knowingly" and "willfully" were persuasive in determining the intent of Civil Code Sections.  The court defined willfully and knowingly as requiring "only that the illegal act or omission occur 'intentionally,' without regard for the motive or ignorance of the act's prohibited character."  Defendant's dispatch of the debt collection letter to Plaintiff shows a willful and knowing violation of the RFDCPA.

64. Plaintiff is entitled to damages as a result of Defendant's willful violations.

65. Plaintiff is also entitled to an award of attorney fees, costs, interest and any other relief the Court deems just and proper.

### THIRD CAUSE OF ACTION

### NEGLIGENCE

69. Plaintiff repeats, re-alleges, and incorporates by reference, all other paragraphs.

70. Defendant owed a duty of care to Plaintiff to reasonably protect Plaintiff's privacy rights, and to avoid contacting Plaintiff after knowledge Plaintiff is represented by Attorney and receiving Attorney's Cease and Desist letters.

Complaint for Damages

71.   Defendant also owed a duty of care to Plaintiff to reasonably refrain from threatening to bring legal action against Plaintiff where Defendant did not actually or intend to bring such legal action.

72.   Defendant's conduct proximately caused injuries to Plaintiff.

73.   Due to Defendant's conduct as set forth herein, Plaintiff is entitled to actual damages in an amount to be established at trial.

74.   Plaintiff believes and alleges that Defendant's conduct constituted oppressive, malicious, despicable, gross and wantonly negligent behavior, which demonstrates Defendant's conscious disregard for the rights of Plaintiff.  As such, Plaintiff is entitled to recover punitive damages from Defendant in an amount according to proof at trial.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that judgment be entered against Defendant, and Plaintiff be awarded damages from Defendant, as follows:

### FIRST CAUSE OF ACTION
### VIOLATIONS OF THE FDCPA

75.   Actual damages pursuant to 15 U.S.C. § 1692k(a)(1);

76.   Statutory damages of $1,000.00 pursuant to 15 U.S.C. § 1692k(a)(2)(A);

77.   Attorney fees and costs pursuant to 15 U.S.C. § 1692k(a)(3);

78.   Interest, punitive damages and any other relief the Court deems just and proper.

### SECOND CAUSE OF ACTION
### VIOLATIONS OF THE RFDCPA

79.   Actual damages pursuant to Cal. Civ. Code § 1788.30(a) and Cal. Civ. Code § 1788.32;

80.   Cumulative statutory damages of $1,000.00 for violation of Cal. Civ. Code § 1788, et seq pursuant to Cal. Civ. Code § 1788.30(b) and Cal. Civ. Code §

11

1788.32. *Gonzales v. Arrow Financial Services, LLC*, 489 F.Supp.2d 1140, 1143 (S.D. Cal. 2007);

81.   Attorney fees and costs pursuant to Cal. Civ. Code § 1788.30(c) and Cal. Civ. Code § 1788.32;

82.   Interest, punitive damages and any other relief the Court deems just and proper.

THIRD CAUSE OF ACTION

NEGLIGENCE

83.   As a result of Defendant's negligence, Plaintiff is entitled to money damages in an amount to be proven at trial; and

84.   Interest, punitive damages and any other relief the Court deems just and proper.

TRIAL BY JURY

84.   Pursuant to the seventh amendment to the Constitution of the United States   of America, Plaintiff is entitled to, and demands, a trial by jury.

Respectfully submitted,

HYDE & SWIGART

Date: August 31, 2017

By:  s/Joshua Swigart
Joshua B. Swigart, Esq.
josh@westcoastlitigation.com

*Attorney for Plaintiff*
*Florence Morris*

Additional Attorneys for Plaintiff:
Abbas Kazerounian, Esq. (SBN: 249203)
ak@kazlg.com
Jason A. Ibey, Esq. (SBN: 284607)
jason@kazlg.com
KAZEROUNI LAW GROUP, APC
245 Fischer Avenue
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523

12

Complaint for Damages